1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY KOEHN,                        ) Case No.: 1:15-cv-00265  JLT (PC)
                                           )
12              Plaintiff,                 ) ORDER DISMISSING THE COMPLAINT WITH
                                           ) LEAVE TO AMEND
13        v.                               )
                                           ) (Doc. 16)
14   HO, et al.,                           )
                                           ) ORDER TO DEFENDANTS TO FILE A
15              Defendants.                ) CONSENT/DECLINE TO MAGISTRATE JUDGE
                                           ) JURISDICTION WITHIN 10 DAYS
16   _____)

17        Adam Christianson seeks the dismissal of the action.  (Doc. 16)  The Court, sua sponte, re-

18   screens the first amended complaint and finds it fails to state any cognizable claim.  Thus, the Court

19   **DISMISSES** it.  Likewise, because he may not be held liable only because he is a supervisor and there

20   is no showing that he played any role in the claimed denial of medical care to the plaintiff, Adam

21   Christianson's motion to dismiss is **GRANTED**.

22   **I.       Background and Factual Allegations**

23        Plaintiff alleges that when he arrived at the Stanislaus County jail, he reported that he had a

24   hernia in his abdomen and needed to have a low bunk.  (Doc. 1 at 3-4)  The request was denied. Id. at 2.

25   He was seen by a nurse who provided him a "Velcro belt," designed to hold the herniated area "in."  Id.

26   at 3.  However, to climb up to the upper bunk, Plaintiff was required to remove the belt.  Id. at 3-4.  On

27   one occasion, his "hurnia [sic] wripped [sic] open more from about 1" to about 4".  Id. at 4.  Plaintiff

28

                                            1

alleges he fell from the bunk and hit his head on the wall.  Id.

After his fall, Plaintiff was taken to the hospital and underwent an MRI, which revealed the need for an operation to repair the hernia.  (Doc. 8 at 4)  Nevertheless, "the jail" denied authorization for the operation.  Id.  Plaintiff was returned to the jail and was placed in a lower bunk on an upper tier.  Id.  Despite being is significant pain, the jailers provided him only Motrin every 12 hours.  Id. This did not alleviate the pain.  Id.

Dr. Ho saw Plaintiff and attempted to "push it back in but it got to [sic] big and wouldn't stay in as before" so Dr. Ho recommended surgery but this did not occur.  (Doc. 8 at 5)  One day, while climbing the stairs to the second tier, he fell on the steps and was returned to the hospital.  Id.  After being "checked out," he was returned to the jail.  Id.

Due to continuing to suffer from the hernia, Plaintiff was returned to the hospital six days later.  (Doc. 8 at 5)  The doctor at the hospital "tried to push it back in but the pain was to [sic] much so they put me under to check it out better and try and push in to stay in."  Id.  However, the jail would not authorize surgery.  Id.  He continued to receive Motrin for the pain despite that it was not helping with the pain.  Id.

Based upon these allegations, he claims a denial of medical care under the Eighth Amendment.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**III.    Legal Standards for a Motion to Dismiss**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review is limited to the complaint alone."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss.  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  However, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  Leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

**IV.    Section 1983 Claims**

Section 1983 "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In relevant part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To establish a Section 1983 violation, a plaintiff must show (1) deprivation of a constitutional right and (2) a person who committed the alleged violation acted under color of state law.

3

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A person deprives another of a right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Court informed Plaintiff previously (Doc. 7 at 4) that the statute requires that there be factual allegations establishing an actual connection or link between the actions of the defendants and the deprivation Plaintiff alleges he suffered. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Despite the Court informing Plaintiff of this obligation, Plaintiff named, but failed to link either Dr. Ho or Adam Christianson to any wrongful act. Thus, the first amended complaint must be **DISMISSED**.

### A.    Eighth Amendment - Serious Medical Needs

To state a claim under the Eighth Amendment for denial of medical care in jail, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an

individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted. Plaintiff's allegation that he had a life threatening hernia that required surgery presents a serious medical condition for screening purposes.

The second prong requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. <u>Wilhelm</u>, 680 F.3d at 1122 (quoting Jett, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." <u>Id</u>. (internal quotation marks omitted). "[T]he indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir.1980) (citing <u>Estelle</u>, 429 U.S. at 105-06). See also <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir.2004).Under <u>Jett</u>, "[a] prisoner need not show his harm was substantial." <u>Id</u>.; see also <u>McGuckin</u>, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Though Plaintiff alleges he suffered significant pain as a result of the refusal to authorize the surgery, he fails to demonstrate that either Dr. Ho or Adam Christianson were responsible for this denial.  Notably, Plaintiff admits that Dr. HO **recommended** the surgery.  (Doc. 8 at 4-5)  The Court an see no basis to claim Dr. Ho was deliberately indifferent to Plaintiff's medical condition based upon this admission.

Likewise, though Plaintiff names Adam Christianson, he fails to identify any wrongful act by this defendant and, in fact, there is no showing that he even knew of Plaintiff's presence at the jail. Plaintiff may not impose liability on Christianson merely because he is the supervisor of those working at the jail.  Rather, to state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege facts that would support a claim that: Christianson personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

5

promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. Iqbal, 556 U.S. at 677. "In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." Id. Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. Id.   Thus, the first amended complaint must be **DISMISSED**.

>    **B.**      **Liability of the County**

Municipalities may be sued as a "person" under Section 1983 for the deprivation of federal rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell, 436 U.S. at 691.  Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains. Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Thus, a government entity may be sued under Section 1983 when governmental policy or custom is the cause of a deprivation of federal rights. Id. at 694. The Ninth Circuit explained:

>    A plaintiff may . . . establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

A public entity is liable for a constitutional violation if the action is taken by a person with final policymaking authority.  Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) "Whether an official has final policymaking authority is a question for the court to decide based on state law. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) ("[W]hether a particular official has 'final

policymaking authority' is a question of *state law*. As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question to be resolved by the trial judge before the case is submitted to the jury.") (emphasis in original) (citations and internal quotation marks omitted)."

On the other hand, the public entity may be liable if it ratifies the unconstitutional conduct by a non-policymaker.  Christie, at 1235.  Whether ratification has occurred is a question for the jury.  Id.  "To show ratification, a plaintiff must prove that the "authorized policymakers approve a subordinate's decision and the basis for it." Praprotnik, 485 U.S. at 127, 108 S.Ct. 915; see Gillette, 979 F.2d at 1348 (refusing to find ratification, because "[t]here is no evidence that the City manager made a deliberate choice to endorse the Fire Chief's decision and the basis for it"). Accordingly, ratification requires, among other things, knowledge of the alleged constitutional violation. See Garrison v. Burke, 165 F.3d 565, 572 n. 6 (7th Cir.1999) (holding that the municipality was not liable under § 1983, because it had no knowledge of the alleged constitutional violations); Gattis v. Brice, 136 F.3d 724, 727 (11th Cir.1998) (stating a similar proposition)."  Christie, at 1239.

Though it may be possible Plaintiff is intending to name the County of Stanislaus he has made no showing to support liability against the entity.  Thus, the first amended complaint is **DISMISSED** with leave to amend.

## VI.    Magistrate Judge Jurisdiction

Due to the District Judges' heavy caseload, the policy of the Fresno Division of the Eastern District is to trail all civil cases.  The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available.  The trial date will not be reset to a continued date.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases.  A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  Any appeal from a judgment entered by a United States

1   Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

2       The Fresno Division of the Eastern District of California, whenever possible, is utilizing

3   United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant

4   to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no

5   advance notice before their case is reassigned to an Article III District Court Judge from outside of the

6   Eastern District of California.

7       Plaintiff has filed his consent to magistrate judge jurisdiction.  (Doc. 5)  However, Defendants

8   have filed neither a consent or decline form.  Therefore, Defendants are directed to consider

9   consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.  **Within**

10  **10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court

11  at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate

12  Judge.

13  **VI.     Conclusion and Order**

14      For the reasons set forth above, the Court **DISMISSES** the first amended complaint with leave

15  to file a second amended complaint within thirty days.  In the second amended complaint, Plaintiff

16  must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's

17  constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended

18  complaint must allege in *specific terms* how each named defendant is involved. There can be no

19  liability under section 1983 unless there is some affirmative link or connection between a defendant's

20  actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d

21  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22      Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). However, it must

23  "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

24  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

26  relief above the speculative level . . . ." Twombly, 550 U.S. 127, 555 (2007) (citations omitted).

27      Plaintiff is further advised that an amended complaint supercedes the original, Lacey v.

28  Maricopa County, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be

1    "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

2            The Court provides Plaintiff with this **final opportunity** to amend to cure the deficiencies

3    identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based

4    upon the foregoing, the Court **ORDERS**:

5            1.      The motion to dismiss filed by Adam Christianson is **GRANTED** with leave to amend;

6            2.      The Court's sua sponte re-screening the first amended complaint determines that it

7    must be **DISMISSED** with leave to amend;

8            3.      The Clerk's Office is **DIRECTED** to send Plaintiff a civil rights complaint form;

9            4.      Plaintiff **SHALL** file any amended complaint within 30 days of the date of service of

10   this order.  Failure to do so will result in an order dismissing the action.

11           5.      Defendants **SHALL** file their consent or decline to magistrate judge jurisdiction within

12   ten days.

13

14   IT IS SO ORDERED.

15       Dated:   __**March 24, 2016**__              ____**/s/ Jennifer L. Thurston**

16                                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28