# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KOEHN,<br><br>    Plaintiff,<br><br>    v.<br><br>HO, et al.,<br><br>    Defendants. | Case No. **1:15-cv-00265-JLT (PC)**<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Doc. 19)** |

Defendant Adam Christianson sought dismissal of this action (Doc. 16)  However, rather than requiring further briefing, the rescreened the first amended complaint and found it failed to state any cognizable claims (Doc. 19).  The Court granted Plaintiff 30 days within which to file a second amended complaint and warned him that his failure to do so would result in an order dismissing the action.  Id.  Plaintiff has failed to comply or to respond in any way.

Local Rule 110 provides that "failure of counsel, or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's dismissing the First Amended Complaint expressly stated that Plaintiff's failure to file a second amended complaint within 30 days of the date of service of that order would result in an order dismissing the action. (Doc. 19.) Thus, Plaintiff had adequate warning that dismissal may result from his noncompliance with the Court's order.

Accordingly, it is the Court **ORDERS**:

1. The case is **DISMISSED**;

2. The Clerk's Office is DIRECTED to close this case and to enter judgment in favor of Defendants and against Plaintiff.

IT IS SO ORDERED.

Dated: **May 6, 2016**                    **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE